UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CALVIN COLEY,<br><br>      Plaintiff,<br><br>  vs.<br><br>P. D. BRAZELTON, et al.,<br><br>      Defendants. | 1:13-cv-00912-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br>(Docs. 9, 11, 19, 23.)<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

## I. BACKGROUND

Andrew Calvin Coley ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation, proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 5, 2013. (Doc. 1.)  On July 11, 2013, August 5, 2013, September 25, 2013, and November 7, 2013, Plaintiff filed motions for preliminary injunctive relief. (Docs. 9, 11, 19, 23.)

## II. PRELIMINARY INJUNCTION

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  <u>Id.</u>  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff requests court orders requiring officials at Pleasant Valley State Prison (PVSP) in Coalinga, California, and the California Medical Facility (CMF) in Vacaville, California, to stop their retaliation, discrimination, and intimidation against Plaintiff, and to provide Plaintiff with adequate medical care and access to the law library.

With respect to officials at CMF, Plaintiff's motions for injunctive relief against them must be denied because such relief would not remedy any of the claims in Plaintiff's Complaint.  The events at issue in Plaintiff's Complaint allegedly occurred at PVSP when Plaintiff was incarcerated there.[1]  Because court orders against officials at CMF would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue such orders, and Plaintiff's motions must be denied.

With respect to officials at PVSP, Plaintiff's motions for injunctive relief against them are moot because Plaintiff is no longer incarcerated at PVSP and therefore is not subject to conduct by those officials.

Thus, Plaintiff's motions for injunctive relief must be denied.

///

---

[1] Plaintiff is presently incarcerated at CMF.  (Court Record.)

### III.  RECOMMENDATIONS

Based on the foregoing, the court **HEREBY RECOMMENDS** that Plaintiff's motions for preliminary injunctive relief, filed on July 11, 2013, August 5, 2013, September 25, 2013, and November 7, 2013, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 8, 2014**                              **/s/ Gary S. Austin**
                                                                           UNITED STATES MAGISTRATE JUDGE