1

2                        UNITED STATES DISTRICT COURT

3                        EASTERN DISTRICT OF CALIFORNIA

4

5

6

7   ANDREW CALVIN COLEY,                Case No. 1:13 cv 00912 LJO GSA PC

8              Plaintiff,

9   vs.                                 ORDER DISMISSING COMPLAINT AND
                                        GRANTING PLAINTIFF LEAVE TO FILE
10  P. BRAZELTON, et al.,               AN AMENDED COMPLAINT

11             Defendants

12                                      AMENDED COMPLAINT DUE
                                        IN THIRTY DAYS
13

14  I.    **Screening Requirement**

15        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

16  action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule

17  302 pursuant to 28 U.S.C. § 636(b)(1).

18        The Court is required to screen complaints brought by prisoners seeking relief against a

19  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

20  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

21  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

22  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

23  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

24  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

25  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

26  1915(e)(2)(B)(ii).

27

28

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claims

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Medical Facility at Vacaville. Plaintiff brings this action against prison officials employed by the CDCR at Pleasant Valley State Prison. The events at issue occurred while Plaintiff was housed at Pleasant Valley. Plaintiff names the following individual defendant; Warden P. Brazelton; Correctional Officer (C/O F. Martinez; C/O De La Cruz; C/O Tucker; Sergeant Santoya; Sergeant Redding; Lt. Dotson; Appeals Coordinator Morgan. Plaintiff claims that defendants were deliberately indifferent to his safety and retaliated against him when he filed a grievance regarding his safety.

Plaintiff is a patient in the correctional clinical case management system (CCCMS) due to his mental health condition. On January 13, 2012, Plaintiff arrived at Pleasant Valley State Prison (PVSP) and was placed on suicide watch.

On June 22, 2012, Plaintiff told C/O Martinez that he was feeling suicidal and requested that he "call the psychology." Martinez laughed at Plaintiff and did not seek any assistance. Plaintiff told Defendants Delacruz and Tucker that he was feeling suicidal and requested psychological assistance. Both officers refused.

2

Plaintiff alleges that on June 24, 2012, he had to be hospitalized because of "continuous harassing" by C/O Martinez.  On June 27, 2012, Plaintiff went to the Program Office and asked Sergeant Santoya to "please have Defendant #2 C/O F. Martinez to stop harassing me.  M. Santoya acting sergeant refuse to do so."   On June 28, 2012, Plaintiff asked  Sergeant Redding to get C/O Martinez to stop harassing him.  Sergeant Redding refused.   On July 2, 2012, Plaintiff went to the Program Office and asked Lt. Dotson to get Martinez to stop harassing him.  Plaintiff told Lt. Dotson that Martinez had "pulled a gun on him" for no reason.  Dotson told Plaintiff that "it was not his C/O that was causing the problem, that it was me that are causing and it won't do me any good to file any type of paperwork."   Plaintiff alleges that Appeals Coordinator J. Morgan intentionally failed to process Plaintiff's inmate grievance, "due to Plaintiff proving that defendant F. Martinez had writing a false 115 on the Plaintiff, in retaliation against Plaintiff for Plaintiff had file a CDCR 602 appeal."

### A.   **Failure to Protect**

 The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  A prisoner seeking relief for an Eighth Amendment violation must show that the officials acted with deliberate indifference to the threat of serious harm or injury to an inmate. Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002).  "Deliberate indifference" has both subjective and objective components.  A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and . . . must also draw the inference."  Farmer, 511 U.S. at 837.  Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 847.

Here, Plaintiff fails to allege facts from which an inference could be drawn that any of the named defendants knew of a specific harm to Plaintiff and disregarded that harm, causing injury to Plaintiff.  Plaintiff concludes that defendants are liable because they would not order C/O

Martinez to stop harassing Plaintiff and that officials failed to summon psychological help when Plaintiff told them he felt suicidal.  Plaintiff does not indicate what, if any, specific information Defendants were aware of that indicated that Plaintiff was subjected to a specific risk of harm. Plaintiff's allegations indicate that he was in the correctional clinical case management system and was, presumably, being treated and/or monitored for a mental health condition.   There are no allegations that Plaintiff actually attempted suicide.  The Ninth Circuit has held that inmates of opposite gangs placed in a cell with each other, with nothing more, fails to satisfy the Eighth Amendment's standard that prison official must be aware of a specific risk to an inmate. Labatad v. Corrections Corp. of America, 714 F.3d 1155 (9th 2013).   The facts alleged suggest that although Plaintiff did fear for his safety, there was no specific information that Defendants knew from which they could draw an inference that Plaintiff was exposed to a particular risk. There are no allegations that any defendant failed to follow suicide watch protocols.

### B.    Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim.  Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Here, although Plaintiff alleges that he did file a grievance, he fails to allege any specific conduct that chilled his First Amendment activity.  As to Lt. Morgan, he charges that Lt. Morgan

failed to process Plaintiff's appeal.  Although a retaliation claim can be stated for retaliatory conduct in response to the filing of a grievance, that conduct is distinct from interfering with access to the grievance process itself.  <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988); <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993).  The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983.  <u>Buckley</u>, 997 F.2d at 495.

As to Defendant Martinez, the Court finds Plaintiff's allegation to be vague.  Plaintiff alleges that Martinez filed a "false 115" in response to Plaintiff filing an inmate grievance. Plaintiff does not specify what the disciplinary charge was, and fails to allege facts indicating that he was not afforded due process regarding any disciplinary process.  A bare allegation of a "false 115" is insufficient to state a claim for relief.

C.    <u>Supervisory Liability</u>

Plaintiff attempts to bring claims against certain defendants based upon the supervisory position they hold within CDCR.   Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  <u>Ashcroft v. Iqbal</u> , 556 U.S. 662, 673 (2009).  Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions.  <u>Id.</u> at 673.  In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).   Plaintiff has not specifically charged each defendant with conduct indicating that they knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff.  Plaintiff may not hold defendants liable simply by alleging a serious medical condition and then charge defendants with the vague allegation that they neglected his condition.  Plaintiff must allege facts indicating that each defendant was aware of a specific harm to Plaintiff, and acted with deliberate indifference to that harm.  Plaintiff has failed to do so here.  The complaint should therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.   Plaintiff has failed to do so here.

III.   **Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the

opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George</u>, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, <u>Hydrick</u>, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord Forsyth</u>, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.      The Clerk's Office shall send to Plaintiff a complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.      Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.      If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

7

IT IS SO ORDERED.

Dated:   **October 29, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE