# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CALVIN COLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>BRIAN DUFFY, et al.,<br><br>        Defendants. | Case No. 1:13-cv-00912-BAM-PC<br><br>ORDER DISMISSING CLAIMS AND GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Pending before the Court is Plaintiff's December 29, 2014, first amended complaint, filed in response to the October 30, 2014, order dismissing the second amended complaint with leave to file an amended complaint. (ECF No. 30.)

**I.   Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on June 17, 2013. (ECF No. 7.)  On July 1, 2013, Plaintiff filed a decline of magistrate judge jurisdiction. (ECF No. 8.)  Plaintiff may not withdraw his consent once it has been filed.  28 U.S.C. §636(c)(4); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993)(stating that "[t]here is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge.").

1 that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a Plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)(internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.    Procedural History**

The original complaint was filed in this action on June 5, 2013 (ECF No. 1.) Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the R.J. Donovan Correctional Facility in San Diego, brings this civil rights action against correctional officials employed by the CDCR at Pleasant Valley State Prison (PVSP), where the events at issue occurred. Plaintiff names the following individual defendants: Warden Brian Duffy; Sergeant Redding; Lieutenant Dotson; Appeals Coordinator J. Morgan; Sergeant M. Santoya; Correctional Officer (C/O) F. Martinez; C/O Delacruz; C/O Tucker. Plaintiff claims that Defendants were deliberately indifferent to his safety and retaliated against him when he filed a grievance regarding his safety. Plaintiff also claims that he was falsely charged with a

disciplinary violation.[2]

The Court dismissed Plaintiff's original complaint on the ground that Plaintiff failed to state a claim for relief on his claims of retaliation and failure to protect. Plaintiff was also advised that Defendants could not be sued in their supervisory capacity under a theory of respondeat superior. Plaintiff was provided guidance in the form of the appropriate legal standards, and was granted leave to file an amended complaint that corrects the deficiencies identified in the original complaint.

### III. Plaintiff's Allegations

In the first amended complaint, Plaintiff alleges the following.

**1. June 22, 2012**

Plaintiff alleges that he asked C/O Martinez to "call a psychology, I'm thinking about hurting myself." (Am. Compl. p. 4.) C/O Martinez laughed at Plaintiff and refused to call for help. Plaintiff explained to Martinez that he was a CCCMS inmate. Martinez continued to laugh and refused to call for psychological help. Plaintiff contends that because he was a CCCMS inmate, Martinez knew or should have known that he was violating his rights by laughing at Plaintiff. Plaintiff alleges that he felt that he was being discriminated against because of his mental condition. Plaintiff also asked C/O Delacruz to call for help. Martinez told Delacruz not to call for help. Delacruz refused to call for help. Plaintiff asked the inmate porter to tell C/O Delacruz that Plaintiff was a CCCMS inmate. As with Defendant Martinez, Plaintiff contends that because he was a CCCMS inmate, Defendant Delacruz knew or should have known that he was violating Plaintiff's rights by laughing at him. Plaintiff claims that his equal protection rights were violated because he did not receive the reasonable care that the other inmates were receiving.

///
///
///

---

[2] Plaintiff filed this action against Defendants in their individual and official capacities. However, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007)(citations omitted).

### 2. June 27, 2012

Plaintiff alleges that he received a CDCR Form 115 disciplinary violation written by Defendant Martinez. Plaintiff was charged with disruptive behavior on June 22, 2012. Plaintiff alleges that Martinez filed the disciplinary charge in retaliation for an inmate grievance that Plaintiff filed regarding Defendant Martinez. Plaintiff specifically alleges that he was falsely accused the following: "#1 that I yell, #2 someone tore up my cell, #3 that I began yelling at him, #4 I'm going sue you in court, #5 slammed the cell door, while still yelling profanities, #6 bang on the cell door, #7 C/O Martinez never gained me a ordered [sic], #8 C/O Martinez never told me that I will be receiving a CDC-115 for my disruptive behavior." (Id. pp 7,8.)

### 3. June 28, 2012

Plaintiff asked Sergeant Redding to stop C/O Martinez from harassing him. Plaintiff alleges that Sergeant Redding did not have any conversations with Martinez, or "try and find out if there was any kind of conduct behavior on behalf of C/O Martinez." (Id. p. 13.) Plaintiff alleges that Sergeant Redding failed to supervise C/O Martinez. Plaintiff alleges that Sergeant Redding's conduct constituted racial discrimination, as Plaintiff is African-American.

### 4. July 7, 2012

Plaintiff went to the program office and asked Lt. Dotson to direct C/O Martinez to stop harassing him. Plaintiff alleges that Martinez "pull a gun on me for no reason" on April 30, 2012. (Id. p. 15.) Lt. Dotson interviewed Plaintiff, and told Plaintiff that it was not C/O Martinez that was causing the problem, but Plaintiff. Plaintiff alleges that Lt. Dotson failed to supervise Defendant Martinez, resulting in a violation of Plaintiff's rights under the Equal Protection Clause.

### 5. July 22, 2012

Plaintiff appeared for a hearing on his CDCR 115 rules violation report. Plaintiff alleges that he was found guilty of the false charges "in a partisan participation of a code of silence with other CDC staff to cover and mask C/O Martinez violation of CDCR Title 15 disciplinary process procedure." (Id. P. 8.) Plaintiff alleges that before a CDCR 115 Rules Violation Report can issue, inmates should be verbally counseled regarding their behavior, and issued a CDCR

4

Form 128 General Counseling Chrono. Plaintiff alleges that he was charged with the disciplinary violation in retaliation for filing a grievance against C/O Martinez.

### 6. August 2, 2012

Plaintiff alleges that he was called to the program office to be interviewed by Defendant Sergeant Santoya regarding his inmate grievance. During the interview Plaintiff advised Sergeant Santoya about his inmate witnesses. Santoya told Plaintiff he would interview the witnesses. Plaintiff alleges that the two inmates later informed him that Sgt. Santoya did not interview them. Plaintiff contends that this constitutes participation by Santoya in the code of silence, and a deprivation of Plaintiff's rights.

Plaintiff refers to a grievance assigned log no. PVSP-C-12-01825. Plaintiff attaches the grievance as Exhibit B to his first amended complaint. In his grievance, Plaintiff indicates that on June 22, 2012, when he returned from the morning meal, he discovered that his cell had been searched and he feared items had been taken from his cell without leaving a cell search receipt. Plaintiff asked Defendant Martinez for a cell search receipt, which was denied. Plaintiff alleges that after a verbal confrontation with Defendant Martinez, he asked staff to call the Lieutenant or Sergeant to come speak to him. His requests were denied. Plaintiff then asked floor staff to summon psychological help, as he was now thinking of hurting himself. Plaintiff alleges that correctional officers refused. Plaintiff spoke with Lt. Dotson regarding his treatment. Plaintiff's appeal was processed as a staff complaint, and was partially granted in that Plaintiff's allegations were investigated.

Plaintiff does not set forth his allegations in chronological order. Plaintiff skips back and forth between events, and does not clearly allege when all of the events occurred. Although it is unclear from the allegations of the complaint when he did so, Plaintiff filed another inmate grievance, log no. PVSP-C-12-02123. In his Exhibit D, Plaintiff attaches a copy of a CDCR Form 22, Inmate Request for Interview, indicating that he filed grievance no. PVSP-C-12-02123 on September 6, 2012. The staff response to the CDCR Form 22 request indicates that the appeal was screened out on October 2, 2012. Plaintiff filed another CDCR Form 22 on November 12, 2012, requesting the status of his appeal of his Rules Violation Report (CDCR

5

115). Plaintiff indicates that he followed the instructions from the appeals coordinator that he received on October 2, 2012. The staff response refers Plaintiff to the attached history. (Plaintiff does not include the attachments.) Plaintiff's Exhibit F, is a memorandum to Plaintiff from Lt. Geringer, instructing Plaintiff to submit CDCR Form 22s through proper channels. The memorandum further indicates that grievance no. PVSP-C-12-02123 was responded to via a screening form. Plaintiff's Exhibit C, a copy of the response to the grievance, indicates that it was rejected because the appeal was missing necessary supporting documents.

Plaintiff's Exhibit C includes a copy of the disciplinary charge at issue, as well as a written record of the hearing. Plaintiff was charged with, and found guilty of, disruptive behavior. Plaintiff was assessed a credit forfeiture of 30 days and 30 days loss of phone and dayroom privileges. Plaintiff received written notice of the charges at least 24 hours prior to the hearing, and was able to call witnesses. Plaintiff sought to introduce the testimony of four inmate witnesses, but agreed to the testimony of two on the ground the testimony would be cumulative. Plaintiff did not request that additional material or evidence be presented at the hearing.

### 7. June 22, 2014

Plaintiff alleges that he asked Defendant C/O Tucker to "call the psychology" because he considered hurting himself. (Id. p. 10.) Plaintiff alleges that C/O Tucker refused to call for help, and is a participant in the code of silence. Plaintiff also alleges that Tucker discriminated against him in violation of the Equal Protection Clause.

**IV. Analysis**

**A. Failure to Protect**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994)(quotations omitted). In order to state a claim against Defendants, Plaintiff must allege facts indicating that each Defendant was deliberately

6

1 indifferent to a substantial risk of harm to Plaintiff's health or safety. Farmer, 511 U.S. at 847;
2 Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9ith Cir. 2010); Foster v. Runnels, 554 F.3d 807,
3 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 0145; Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.
4 2000)(quotation marks and citations omitted); Frost v. Agnos, 153 F.3d 1124, 128 (9th Cir.
5 1998.)

6       In the order dismissing the original complaint, Plaintiff was advised that he failed to
7 allege facts from which an inference could be drawn that any of the Defendants knew of a
8 specific harm to Plaintiff and disregarded that harm. Plaintiff concluded that Defendants were
9 deliberately indifferent because they would not order Martinez to stop harassing Plaintiff and
10 that Defendants failed to summon psychological help when Plaintiff told them he felt suicidal.
11 Plaintiff did not indicate what, if any, specific information Defendants were aware of that
12 indicated that Plaintiff was subjected to a specific risk of harm. The allegations indicated that
13 Plaintiff was in the clinical correctional case management system and was, presumably, being
14 treated and/or monitored for a mental health condition. There were no allegations that Plaintiff
15 actually attempted suicide. The facts alleged indicated that although Plaintiff did fear for his
16 safety, there was no specific information from which Defendants could draw an inference that
17 Plaintiff was exposed to a specific risk of harm. Labatad v. Corrections Corp. of America, 714
18 F.3d 1155, 1160 (9th Cir. 2013). Further, there were no allegations that any of the Defendants
19 failed to follow any specific suicide protocols.

20       Plaintiff's allegation that Defendant Martinez pulled a gun on him is similarly vague. In
21 the original complaint and first amended complaint, Plaintiff alleges, with nothing more, that
22 Defendant Martinez pulled a gun on him. Plaintiff does not allege when this occurred, and does
23 not allege any facts regarding the circumstances surrounding the incident. A bare allegation that
24 a correctional officer pulled a gun, with nothing more, fails to state a claim for relief. As noted
25 above, Plaintiff must allege facts indicating that Defendant Martinez was deliberately indifferent
26 to an objectively serious risk of harm to Plaintiff. Plaintiff has failed to do so here. Plaintiff's
27 claim that Defendant Martinez exposed him to a risk of harm by pulling a gun on him should
28 therefore be dismissed.

1    Plaintiff's first amended complaint is largely identical to the original complaint. Plaintiff
2 essentially restates, in greater detail, the allegations of the original complaint. Plaintiff's central
3 claim is that Defendant Martinez harassed Plaintiff and that Defendant Martinez's supervisors
4 failed to direct him to stop it. Plaintiff has not, however, alleged any facts indicating that
5 Plaintiff was exposed to an objectively serious risk of harm, and that Defendants were
6 deliberately indifferent to it. That Plaintiff was afraid does not, of itself, subject Defendants to
7 liability. Plaintiff must allege facts indicating that Defendants were deliberately indifferent to a
8 serious risk of harm to Plaintiff, as that term is defined above. Plaintiff fails to do so in the first
9 amended complaint. Based upon the allegations in Plaintiff's original and first amended
10 complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would
11 support a claim for failure to protect Plaintiff in violation of the Eighth Amendment, and further
12 amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A
13 district court may deny leave to amend when amendment would be futile.")    Based on the
14 nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.
15 Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th
16 Cir. 1987).   Plaintiff's failure to protect claim should therefore be dismissed for Plaintiff's
17 failure to state a claim for relief.

18        **B.  Retaliation**

19    Prisoners have a First Amendment right to file grievances against prison officials and to
20 be free from retaliation for doing so. Watison v. Cartier, 668 F.3d 1108, 1114-1115 (9th Cir.
21 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).   A retaliation claim has five
22 elements. Id. at 1114.

23    First, Plaintiff must show that the retaliated-against conduct is protected. Id.  The filing of
24 an inmate grievance is protected conduct, Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir.
25 2005); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65
26 F.3d 802, 807 (9th Cir. 1995).   Second, Plaintiff must show that the Defendant took adverse
27 action against Plaintiff. Rhodes, 408 F.3d at 567. Third, Plaintiff must show a causal connection
28 between the adverse action and the protected conduct. Watison, 668 F.3d at at 1114.  Fourth,

Plaintiff must show that the "official's' acts would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568 (internal quotation marks and emphasis omitted). Fifth, Plaintiff must show "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution . . ." Rizzo v. Dawson, 778 F.2d 572, 532 (9th Cir. 1985).

As noted, Plaintiff's Exhibit C includes the Rules Violation Report (CDCR 115) at issue.[3] Plaintiff's exhibit indicates that, on June 22, 2012, when he returned from the morning meal and discovered that his cell had been searched, he demanded to speak to a sergeant. The CDCR 115 was issued by Defendant Martinez on June 23, 2012. Plaintiff's Exhibit B indicates that he filed the grievance challenging the conduct at issue on June 27, 2012. Plaintiff cannot, therefore, show a causal connection between the filing of his inmate grievance and the alleged retaliatory conduct, the filing of the CDCR 115 by Defendant Martinez. Plaintiff's retaliation claim should therefore be dismissed. The Court finds that further amendment would be futile. See Hartmann, 707 F.3d at 1130; Lopez, 203 F.3d at 1130. Plaintiff's retaliation claim should therefore be dismissed for Plaintiff's failure to state a claim for relief.

### C. Supervisory Liability

Plaintiff names as a Defendant the Warden of PVSP. In the order dismissing the original complaint, Plaintiff was advised that government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 673. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 673. In other words, to state claim for relief under section 1983, Plaintiff must link the Warden with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Plaintiff failed to do so in the original complaint and fails to do so in the first amended complaint. Warden Duffy should therefore be dismissed. The Court finds that further amendment would be futile. See Hartmann, 707 F.3d at 1130; Lopez,

---

[3] The Court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart. Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1988).

203 F.3d at 1130.  Defendant Warden Duffy should therefore be dismissed for Plaintiff's failure to state a claim for relief against him.

### D. Grievance Process

Plaintiff names as a Defendant Appeals Coordinator J. Morgan.  Plaintiff fails to charge any conduct to Lt. Morgan in the first amended complaint.  "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  Plaintiff does not have a protected liberty interest in the processing of his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)(citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).   The only conduct by Defendant Morgan discernible by the Court is Morgan's participation in the appeals process.  Plaintiff fails to state a claim for relief against Defendant Morgan. The Court finds that further amendment would be futile.  See Hartmann , 707 F.3d at 1130; Lopez, 203 F.3d at 1130. Plaintiff's claim regarding his grievance process should therefore be dismissed for failure to state a claim for relief.

### E. Disciplinary Process

Plaintiff alleges that he was falsely charged with a disciplinary violation.  The exhibits attached to the complaint indicate that Plaintiff was found guilty and assessed a loss of credits. "[A] state prisoner's § 1983 action is barred (absent prior validation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2 (2005).

Where, as here, "success in a  . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."  Muhammad v. Close, 540 U.S. 749, 751 (1004)(citing to

10

Heck v. Humphrey, 512 U.S. 477 (1994))); Edwards v. Balisok, 520 U.S. 641, 648 (1997)(applying Heck to a prison disciplinary hearing where good-time credits were affected). Because the punishment imposed at the disciplinary hearing affects the duration of Plaintiff's sentence, any due process claim is barred until such time as the disciplinary hearing has been reversed, expunged, or otherwise invalidated. Plaintiff's allegations that he was convicted based upon false allegations necessarily implies the invalidity of his conviction. Because Plaintiff has not alleged that his disciplinary conviction has been reversed, expunged, or otherwise invalidated, he does not state a claim for relief. The Court finds that further amendment would be futile. See Hartmann, 707 F.3d at 1130; Lopez, 203 F.3d at 1130. Plaintiff's claim regarding his disciplinary conviction should therefore be dismissed for failure to state a claim for relief.

### F. Equal Protection

Plaintiff asserts a claim for a violation of the Equal Protection Clause. Plaintiff did not assert this claim in the original complaint. Plaintiff alleges generally that Defendants violated his rights because of his African American ethnicity.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann, 707 F.3d at 1123; Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

The Court notes that, as analyzed above, Plaintiff has not suffered the deprivation of any protected interest. Defendants could not, therefore, have deprived Plaintiff of a protected interest because of his ethnicity. Plaintiff must, therefore, allege facts indicating that Defendants engaged in some conduct that indicates discrimination based upon Plaintiff's ethnicity, or that similarly situated inmates were treated differently without a rational relationship to a legitimate state purpose. Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02 (2008);

11

1  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546
2  F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 489 (9th
3  Cir. 2008).  Plaintiff fails to allege any facts indicating that any of the Defendants treated
4  similarly situated inmates without a rational relationship to a legitimate state purpose, or that any
5  of the Defendants intentionally discriminated against Plaintiff based on his ethnicity.  Plaintiff's
6  claim of a violation of the Equal Protection Clause should therefore be dismissed.  Because
7  Plaintiff asserted this claim for the first time in the first amended complaint, the Court will grant
8  Plaintiff one opportunity to amend this claim.

### G.  June 22, 2014 Allegations

10  Regarding Plaintiff's allegations that C/O Tucker refused to call for help on June 22,
11 2014, any cause of action arising after the complaint was filed should be dismissed for failure to
12 exhaust administrative remedies prior to filing suit.  This action was filed on June 5, 2013.

13  Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
14 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
15 confined in any jail, prison, or other correctional facility until such administrative remedies as
16 are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the
17 available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007);
18 McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required
19 regardless of the relief sought by the prisoner and regardless of the relief offered by the process,
20 Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits
21 relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

22  Prisoners are required to exhaust before bringing suit and the unavailability of damages
23 through the prison's appeals process does not relieve them from compliance with the statutory
24 exhaustion requirement.  Booth, 532 U.S. at 741.  From the face of Plaintiff's complaint, it
25 appears clear that Plaintiff filed suit regarding this claim prematurely and in such instances, the
26 case may be dismissed.  Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (where
27 failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a

claim under Rule 12(b)(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .") (overruled on other grounds by Albino, 747 F.3d at 1168-69); see also Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'") (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).

Further, Plaintiff was cautioned in the original screening order (Doc. 30) that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. Plaintiff has added a claims which was not in the original complaint. Therefore, Plaintiff this claim should dismissed, without prejudice.

## V. Conclusion and Order

Plaintiff was previously notified of the applicable legal standard and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's December 29, 2014, first amended complaint fails to correct the deficiencies identified in the order dismissing the original complaint regarding Plaintiff's failure to protect, retaliation, and grievance process claims. Based upon the allegations in Plaintiff's original complaint and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for a violation of these claims and further amendment would be futile. See Hartmann 707 F.3d at 1030 ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez, 203 F.3d at1130; Noll, 809 F.2d at 1446-1449).

The Court will, however, grant Plaintiff leave to file a second amended complaint that cures the identified defects regarding his equal protection claim, and as to this claim only. The second amended complaint is due within thirty (30) days. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

13

Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. The December 29, 2014, first amended complaint is dismissed as follows:
2. Plaintiff's failure to protect claim, including the allegation that Defendant Martinez pulled a gun on Plaintiff, is dismissed for failure to state a claim upon which relief could be granted without leave to amend;
3. Plaintiff's retaliation claim and his claims regarding his disciplinary conviction and grievance process are dismissed for failure to state a claim upon which relief could be granted without leave to amend;
4. Plaintiff's claim of discrimination in violation of the Equal Protection Clause is dismissed with leave to amend in a second amended complaint;
5. The second amended complaint is due within thirty (30) days from the date of service of this order, and

///

///

///

6. Plaintiff's failure to file an amended complaint in compliance with this order will result in dismissal of this action for failure to state a claim upon which relief could be granted and failure to obey a court order.

IT IS SO ORDERED.

Dated:   **April 5, 2016**                            /s/ *Barbara A. McAuliffe*
                                                      UNITED STATES MAGISTRATE JUDGE