# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CALVIN COLEY,<br><br>   Plaintiff,<br><br>   v.<br><br>BRIAN DUFFY, et al.,<br><br>   Defendants. | Case No. 1:13-cv-00912-BAM-PC<br><br>ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>ORDER THAT THIS ACTION COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's June 16, 2016, second amended complaint (ECF No. 46.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on June 17, 2013. (ECF No. 7.) On July 1, 2013, Plaintiff filed a decline of magistrate judge jurisdiction. (ECF No. 8.) Plaintiff may not withdraw his consent once it has been filed. 28 U.S.C. § 636(c)(4); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993)(stating that "[t]here is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge.").

1

that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## PROCEDURAL HISTORY

This action proceeds on the June 16, 2016, second amended complaint, filed in response to the April 5, 2016, order dismissing claims in the first amended complaint and granting Plaintiff leave to file an amended complaint. (ECF No. 43.) In the April 5, 2016, order, the Court dismissed Plaintiff's failure to protect and retaliation claims, and Plaintiff's claims regarding his disciplinary conviction and grievance process for failure to state a claim upon which relief could be granted without leave to amend. Plaintiff was granted leave to file a second amended complaint as to his equal protection claim only.

### III.

### COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) the R. J. Donovan Correctional Facility in San Diego, brings this action against correctional officials employed by the CDCR at Pleasant Valley State Prison (PVSP), where the events at issue occurred. Plaintiff names as Defendants the following individuals: Warden Brian Duffy; Correctional Officer (C/O) F. Martinez; C/O Delacruz; C/O W. Tucker; Sergeant M. Santa; Sergeant Redding.

Plaintiff's allegations relate to his mental health treatment. Plaintiff is an outpatient in the Correctional Clinical Case Management System (CCCMS). Plaintiff alleges that when he arrived at PVSP on January 13, 2012, he was placed on suicide watch. On June 22, 2012, Plaintiff asked Defendant Martinez to "call the psychology" because he was thinking about hurting himself. (ECF No. 46, p. 4.) Despite Plaintiff's explanation that he is a CCCMS inmate, Defendant Martinez refused to call for help. Plaintiff also asked Defendant Delacruz to call for help, which he refused to do. Plaintiff alleges that Defendant Martinez told Defendant Delacruz not to call for help. Plaintiff also asked Defendant Tucker to call for help. Defendant Tucker refused to call for help. The balance of Plaintiff's complaint re-states the allegations regarding Plaintiff's claims regarding his inmate grievance and disciplinary conviction.

### IV.

### DISCUSSION

**A.  Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. CDCR, 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345

F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

In the order dismissing this claim with leave to amend, the Court noted that Plaintiff had not alleged that he suffered the deprivation of a protected interest. (ECF No. 43 at 11:24.) In order to state a claim for relief, Plaintiff must allege facts indicating that Defendants engaged in some conduct that indicates discrimination based upon Plaintiff's ethnicity, or that similarly situated inmates were treated differently without a rational relationship to a legitimate state purpose. Enquist v. Oregon Department of Agriculture, 553 U.S. 591, 602-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 489 (9th Cir. 2008).

Plaintiff concludes that Defendants are liable because they did call for help for other CCCMS inmates when requested. That Defendants summoned help for other CCCMS inmates and not for Plaintiff does not, of itself, constitute a violation of the Equal Protection Clause. Plaintiff fails to allege any facts indicating that any of the Defendants treated similarly situated inmates differently without a rational relationship to a legitimate state purpose, or that any of the Defendants intentionally discriminated against him based on his ethnicity. This claim should therefore be dismissed. Plaintiff's allegations as to the remaining Defendants relate to the claims that were dismissed in the April 5, 2016, order.

## V.

## CONCLUSION AND ORDER

Plaintiff was previously notified of the applicable legal standard and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's second amended complaint is largely identical to the first amended original complaint. Based upon the allegations in Plaintiff's first amended complaint and second amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for discrimination in violation of the Equal Protection Clause, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir.

4

2000); <u>Noll v. Carlson</u>, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for Plaintiff's failure to state a claim upon which relief could be granted;
2. This action counts as a strike pursuant to 28 U.S.C. § 1915(g); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:  **September 1, 2016**         /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE